UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIAN L. WITENGIER and MARCELINE M. WITENGIER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:16-CV-1855 (CEJ) |
| U.S. BANK NA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant U.S. Bank, N.A. to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded in opposition, and the issues are fully briefed.[1]

### I. Background

On January 21, 2010, defendant U.S. Bank issued a loan to plaintiffs for the purchase of real property, secured by a note and deed of trust. The parties recorded the deed of trust with the St. Louis County Recorder of Deeds on February 2, 2010. Several years later, on August 1, 2014, the parties purportedly entered into a loan modification agreement.[2]

---

[1] The Court recognizes that plaintiffs filed a late, overlong response to the instant motion, without leave of Court. E.D. Mo. Loc. R. 4.01(B), (D). Because the Court finds that the tardy filing was unintentional and did not prejudice defendants, the Court will consider plaintiffs' arguments on the merits. *See Cannon v. SSM Health Care*, No. 4:14-CV-848 (CDP), 2014 WL 3600405, at *1 (E.D. Mo. July 22, 2014).

[2] Plaintiffs challenge the validity of the loan modification agreement on the ground that they did not receive an executed copy. [Doc. # 1-1 at 4]. Plaintiffs further contend that defendant U.S. Bank and defendant SouthLaw "purport[] to be the owner[s]" of plaintiffs' property "when they retain no interest whatsoever." [Doc. #24 at 13].

Defendants contend that plaintiffs defaulted on the loan, and plaintiffs do not dispute that claim.³ [Doc. #17 at 1 n.1]. Plaintiffs allege that they contacted Anthony Catlin, a U.S. Bank employee who was assigned to help them find a solution to their mortgage difficulties. However, Catlin did not help them but instead referred them to SouthLaw, P.C..

On September 14, 2016, defendant U.S. Bank appointed SouthLaw as the successor trustee under the deed of trust. [Doc. #15-1]. The Recorder of Deeds filed that instrument on September 21, 2016. *Id.* Defendants state that on September 26, 2016, SouthLaw sent notice to plaintiffs that a trustee's sale would take place on October 13, 2016. [Doc. #17 at 2; Doc. #15 at 1]. That notification also allegedly identified SouthLaw as the successor trustee.⁴ [Doc. #17 at 2]. Plaintiffs successfully halted the foreclosure after filing for bankruptcy.⁵ [Doc. #15 at 2].

Plaintiffs initiated this action *pro se* in the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis) after the attempted foreclosure. *See* [Doc. #1-1]. Defendant U.S. Bank subsequently removed the action to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Plaintiffs are Missouri citizens

---

³ Plaintiffs do, however, summarily state that "[p]laintiffs are performing and have performed all they are obligated to perform under Exhibit 1, except those things which the [d]efendants, and each of them, are preventing [p]laintiffs from performing, including specifically reinstatement of the subject mortgage." [Doc. #1-1 at 7].

⁴ "A successor trustee is a substituted trustee with only such powers as the deed of trust instrument gives him, and he becomes such only upon the happening of a contingency therein named." *Sparks v. PNC Bank*, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013). Under the terms of the parties' deed of trust, U.S. Bank "at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded." [Doc. #15-2 at 14 ¶ 24].

⁵ That case, *In re* Julian L. Witengier, No. 16-47386 (Bkrtcy. E.D. Mo. 2016) closed on November 15, 2016. [Doc. #15 at 2 n.1].

and defendants U.S. Bank and Catlin are Ohio citizens.[6] In the complaint, plaintiffs assert claims of breach of contract and breach of the covenant of good faith and fair dealing. They also assert a quiet title claim.[7]

Plaintiffs base their claims on a number of alleged defects in the both the security instruments and the attempted foreclosure process. First, with regard to the security instruments, plaintiffs allege that (1) they did not receive an executed copy of the modified loan agreement, (2) Southlaw was not properly designated as the successor trustee,[8] and (3) U.S. Bank fraudulently assigned the note and concealed its "true" holder.[9] [Doc. #1-1 at 4, 10]. Plaintiffs additionally contend that defendants did not provide adequate notice of the trustee's sale. Specifically, defendants allegedly (1) directed notice to a "doe tenant," (2) sent notice fewer than twenty days before the scheduled foreclosure sale, and (3) did not record such notice in "official records." *Id.* at 4*; see* Mo. Rev. Stat. § 443.325. Furthermore, plaintiffs claim that upon inquiry, defendants did not provide a "single point of contact" and evaded plaintiffs' attempts to ascertain the reinstatement amount. *Id.* at 5–8.[10] Finally, plaintiffs summarily assert that U.S. Bank and Southlaw

---

[6] The complaint has been dismissed as to SouthLaw. Thus, its Missouri citizenship does not destroy diversity.

[7] The Court will not consider new claims asserted in plaintiffs' response to defendants' motions to dismiss. *See* [Doc. #24]. If the plaintiffs had intended to file an amended complaint, they could have done so, and the Court will not accept new allegations included by interlineation. *See* Fed. R. Civ. P. 15; *Bailey v. Bonne Tere Mental Health Manager*, No. 4:10-CV-1191 (JCH), 2010 WL 3938380, at *2 (E.D. Mo. Oct. 5, 2010).

[8] The aforementioned recorded document appointing defendant Southlaw as the successor trustee dispels plaintiffs' contention about the improper designation, and the Court need not address the allegation further. [Doc. #15-1].

[9] Plaintiffs also claims that MERs "fraudulently created, executed and recorded" the deed of trust. [Doc. #1-1 at 9]. MERs, however, is not a party to this action.

[10] The complaint also briefly cites to the Real Estate Settlement Procedures Act (RESPA) as a source of law. 12 U.S.C. §§ 2601, *et seq.* But plaintiffs fail to state anything more specific

3

perpetrated "a series of fraudulent transactions" by "modifying loan documents, manipulating property values and making loans that were in violation of a multiplicity of [s]tate laws." *Id.* at 9.[11]

In the instant motion, defendant U.S. Bank argues that Counts I and II assert a claim for attempted wrongful foreclosure, which is not a cause of action under Missouri law. The defendant also argues that plaintiffs' contract claims are negated by plaintiffs' allegation that the alleged contract with U.S. Bank is "ineffective." Finally, defendant U.S. Bank argues that Count II should be dismissed because plaintiffs have failed to allege the requisite elements of a quiet title action under Missouri law.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

---

about how that federal statute applies to their case. *See* [Doc. #1-1 at 9].

[11] Plaintiffs also include arguments pertaining to defendant U.S. Bank's consent decree in an unrelated matter. *Id.* at 7.

4

support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.[12] A district court may consider public records on a motion to dismiss. *Stahl v. United States Dep't of Agric.*, 327 F.3d 697 (8th Cir. 2006).

## III. Discussion

### Breach of Contract and Covenant of Good Faith & Fair Dealing

Under Missouri law, extrajudicial foreclosure is not a statutory right but rather "'a contractual right established by the power of sale provision in the deed of trust.'" *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 346 (8th Cir. 1987) (quoting *Fed. Nat'l Mortg. Ass'n v. Howlett,* 521 S.W.2d 428, 432 (Mo. 1975) (en banc)). And, under Missouri law, a breach of contract claim requires a showing of (1) "the existence of an enforceable contract between the parties," (2) "mutual obligations arising under the terms of the contract," (3) "defendant did not perform," and (4) "plaintiff was thereby damaged from the breach." *Rice v. W. End Motors, Co.*, 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).

Missouri law implies a covenant of good faith and fair dealing in every contract. *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Trust Co., Inc.*, 464 S.W.3d 177, 185 (Mo. 2015).[13] To state a claim for breach of the

---

[12] The Court construes plaintiffs' *pro se* complaint liberally. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Still, pro se pleadings must not be conclusory and must state sufficient facts, that when assumed true, support the claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[13] "A party breaches the covenant of good faith and fair dealing if it exercises a judgment

5

covenant, a plaintiff must allege facts that defendant "acted, or exercised a judgment conferred by the terms of the Note, in such a manner as to evade the spirit of the transaction or to deny . . . the expected benefit of the Note." *Reliance Bank v. Paramont Props., LLC*, 425 S.W.3d 202 (Mo. Ct. App. 2014). "This implied covenant, however, is not 'an overflowing cornucopia of wished-for legal duties; indeed, the covenant cannot give rise to obligations not otherwise contained in a contract's express terms." *Smith v. Select Portfolio Servicing Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *2 (W.D. Mo. Sept. 15, 2016) (quoting *Comprehensive Care Corp. v. RehabCare Corp.*, 98 F.3d 1063, 1066 (8th Cir. 1996)).

As an initial matter, plaintiffs do not refer to the specific provision(s) of the deed of trust that defendant U.S. Bank violated.[14] *See Smith v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-04203 (NKL), 2016 WL 4942029, at *2 (W.D. Mo. Sept. 15, 2016)(complaint that failed to cite facts or contract terms giving rise to defendant's obligation to consider plaintiff's loan modification request failed to state a claim); *see also Riou v. Bank of Am. Corp.*, No. 14-1051-CV-W-ODS, 2015 WL 12781258, at *2 (W.D. Mo. Feb. 5, 2015) (complaint for breach contract that

---

conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the movant the expected benefit of the agreement." *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 877 (Mo. Ct. App. 2012). Examples of bad faith constituting breaches of the covenant include, "willfully rendering imperfect performance, abusing power in the specification of terms, or wrongfully interfering with or failing to cooperate with the other party's performance." *Reliance Bank v. Paramount Prop., LLC*, 425 S.W.3d 202, 207 (Mo. Ct. App. 2014).

[14] Although plaintiffs contest the validity of the loan modification agreement, viewing the facts in the light most favorable to plaintiffs, the Court assumes they do not challenge the original deed of trust. Moreover, the loan modification agreement only purports to be a supplement or amendment to the original note and deed of trust. [Doc. #1-1 at 33]. There is no evidence that even if valid, the loan modification agreement intended to function as a novation. *See Barrows v. Firstar Bank*, 103 S.W.3d 386 (Mo. Ct. App. 2003).

6

contained no allegation of terms allegedly breached failed to state a claim). Furthermore, plaintiffs make conclusory allegations that defendant U.S. Bank engaged in behaviors amounting to extortion, conspiracy, and mail and wire fraud, but provide no factual support. The Court finds that plaintiffs have failed to allege facts sufficient to support a plausible breach of contract claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of [plaintiff's] allegations . . . that disentitles them to the presumption of truth.")

Plaintiffs' allegations regarding fraudulent sale of the note do not suffice as a basis for their breach of contract claim. The sale of the note without notice to the borrower is expressly permitted under the terms of the deed of trust.[15] Similarly, plaintiffs' allegation that the substitution of the trustee was conducted improperly is insufficient, as defendants submitted proof of the recorded appointment of trustee instrument.[16] Finally, because no foreclosure, any issues regarding reinstatement and notice of the foreclosure sale are moot. *See Jenkins v. Thayer*, 760 S.W.2d 932, 937 (Mo. Ct. App. 1988). At best, the claims plaintiffs assert in Counts I and II simply amount to attempted wrongful foreclosure, which is not a valid cause of action under Missouri law. *McWilliams v. J.P. Morgan Chase Bank, Nat'l Ass'n*, No. 4-14-CV-768 (CEJ), 2015 WL 430216, at *1 (E.D. Mo. Feb. 2, 2015) (citing *Reese*

---

[15] The terms of the deed of trust provide that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." [Doc. #15-2 at 13]. And plaintiffs do not allege that the loan servicer changed. *See id.* Also, plaintiffs take issue with the securitization process and MERS, as an institution. MERS is not a named party in this action, so whether it is a "shell corporation with **no** employees," is irrelevant. *See* [Doc. #1-1 at 10]. And moreover, debtors under securitized notes lack standing to challenge the process, as they are not parties to such agreements. *Rogers v. Bank of Am., N.A.*, 787 F.3d 937 (8th Cir. 2015).

[16] Under the terms of the contract, the lender need only substitute a trustee by filing an "instrument recorded in the county in which this Security instrument is recorded." [Doc. #15-2 at 14]. And defendant U.S. Bank did so. *See* [Doc. #15-1].

*v. First Missouri Bank & Trust Co. of Creve Coeur*, 736 S.W.2d 371 (Mo. 1987) (en banc). Similarly, there is no private right of action for mortgage fraud under Missouri law. Mo. Rev. Stat. § 443.930.3.

The Court finds the same infirmities in plaintiffs' claim for breach of the covenant of good faith and fair dealing. Because the covenant cannot give rise to obligations not otherwise contained in a contract's express terms, and plaintiffs provide no examples of how express terms were contravened, the Court does not find this claim plausible. *See Smith*, 2016 WL 4942029 at *2 (action for breach of covenant of good faith and fair dealing dismissed for failure to state a claim where plaintiff "failed to plead sufficient facts showing that Defendants acted in bad faith . . . [and] did not offer any evidence that Defendants exercised their discretion for the purpose of evading the spirit of the mortgage agreement or denying Plaintiff the expected benefit of his bargain.").

The Court concludes that there is no reasonable basis in fact or law for plaintiffs' breach of contract or breach of covenant of good faith and fair dealing claims. Therefore, Counts I and II will be dismissed.

### **Quiet Title Claim**

A suit to quiet title "is an appropriate means to determine the respective estates, titles, and interests of multiple people claiming an interest in land." *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. Ct. App. 2010). "'A quiet title action is not designed to adjudicate the plaintiff's title as superior to the whole world, but only as compared to the other parties.'" *Lester v. Nationstar Mortg.,* LLC, 505 S.W.3d 843, 846 (Mo. Ct. App. 2016) (quoting *Fairdealing Apostolic Church, Inc. v. Casinger*,

353 S.W.3d 396, 400 (Mo. Ct. App. 2011) (internal quotation marks and citations omitted)).

Plaintiffs bring a quiet title action pursuant to Mo. Rev. Stat. § 527.150.1, which provides:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

"'The statute is remedial in nature and is to be liberally construed.'" *Robson*, 317 S.W.3d at 712 (quoting *Jetz Serv. Co. v. K.C. Citadel Apartments, L.L.C.*, 59 S.W.3d 527, 529 (Mo. Ct. App. 2001).

In order to state a cause of action to quiet title under Missouri law, the plaintiff must show "(1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." *Kulovic v. BAC Home Loans Servicing, L.P.*, 4:10-CV-2058 (CAS), 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011) (citing *Howard v. Radmanesh*, 586 S.W.2d 67, 67 (Mo. Ct. App. 1979)). "Plaintiff must also plead facts showing that he has a superior title to the property at issue than the defendants." *Simms v. Nationstar Mortg., L.L.C.*, 44 F. Supp. 3d 927, 935 (E.D. Mo. 2014). "In quiet title actions, the burden of establishing superior title is on the party bringing the action, and he must 'prevail on the strength of [his] own

9

title and not on any weakness in the title of the other party.'" *Robson*, 317 S.W.3d at 712 (internal citation omitted) (modifications in original).

Plaintiffs do not assert that they have superior title. Rather, they contend that defendants' actions (amounting to alleged breach of contract and breach of the covenant of good faith and fair dealing) should void any interest defendant U.S. Bank has in the property. *See Complaint* Doc. #1-1 at ¶ 87 ("The Plaintiff [sic] respectfully requests that the court find that the mortgage (Exhibit 1) is void due to breach of contract and fraud and that the [defendants] be found not to have any right, title, or interest in the Plaintiffs [sic] property or security thereon . . . ."). Plaintiffs' assertions do not establish that they have superior title. *See Smith v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *3 (W.D. Mo. Sept. 16, 2016) (reasoning that a plaintiff asserting a quiet title claim failed to state a claim where he did not "allege that he paid off the mortgage in full or that his property is no longer encumbered by the mortgage"]; *see also Weimer v. Seterus Inc.*, Case No. 6:13-CV-03068-BCW, 2014 WL 12634291, at *5 (W.D. Mo. Sept. 18, 2014) (holding that a quiet title claim failed where plaintiffs asserted title was superior based on equitable principles), *aff'd*, 605 Fed. Appx. 587 (8th Cir. June 2, 2015); *Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1037 (8th Cir. 2014) (holding that infirmities in the foreclosure proceedings would not support a quiet title claim).

Plaintiffs also contend that flaws in the execution of the loan modification agreement undermine the validity of defendant U.S. Bank's interest. But, the original signed and recorded deed of trust contradicts plaintiffs' claim that no valid deed of trust exists. [Doc. #15-2]. The Court agrees with defendant U.S. Bank that

plaintiffs have failed to allege the aforementioned elements, and plaintiff's quiet title claim is not plausible.

## IV. Leave to Amend

In their opposition memorandum, plaintiffs request leave to amend. [Doc. #25 at 19]. Plaintiffs have already filed a lengthy complaint, without alleging facts sufficient to establish the elements of their claims. Also, they have not submitted a proposed amended complaint and, as a result, the Court cannot determine whether an amendment would be futile. S*ee  Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505 (8th Cir. 2012) ("Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim" (internal quotations and citations omitted)).  Therefore, the request for leave to amend will be denied.

****

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant U.S. Bank to dismiss for failure to state a claim [Doc. #16] is **granted.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend the complaint is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2017.