UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JULIAN L. WITENGIER and MARCELINE M. WITENGIER, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-1855 (CEJ) |
| U.S. BANK N.A., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant SouthLaw, P.C. to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded to the motion, and the issues are fully briefed.[1]

**I. Background**

On January 21, 2010, defendant U.S. Bank issued a loan to plaintiffs for the purchase of real property, secured by a note and deed of trust. The parties recorded the deed of trust with the St. Louis County Recorder of Deeds on February 2, 2010. Several years later, on August 1, 2014, the parties purportedly entered into a loan modification agreement.[2]

---

[1] The Court recognizes that plaintiffs filed a late, overlong response to the instant motion, without leave of Court. E.D. Mo. Loc. R. 4.01(B), (D). Because the Court finds that the tardy filing was unintentional and did not prejudice defendants, the Court will consider plaintiffs' arguments on the merits. *See Cannon v. SSM Health Care*, No. 4:14-CV-848 (CDP), 2014 WL 3600405, at *1 (E.D. Mo. July 22, 2014).

[2] Plaintiffs challenge the validity of the loan modification agreement on the ground that they did not receive an executed copy. [Doc. # 1-1 at 4]. Plaintiffs further contend that defendant U.S. Bank and defendant SouthLaw "purport[] to be the owner[s]" of plaintiffs' property "when they retain no interest whatsoever." [Doc. #24 at 13].

Defendants contend that plaintiffs defaulted on the loan, and plaintiffs do not dispute that claim.[3] On September 14, 2016, defendant U.S. Bank appointed SouthLaw P.C. as the successor trustee under the deed of trust. The Recorder of Deeds filed that instrument on September 21, 2016. *Id.* Defendants aver that defendant SouthLaw sent notice to plaintiffs on September 26, 2016, that a trustee's sale would take place on October 13, 2016. That notification also allegedly identified defendant SouthLaw as the successor trustee.[4] Plaintiffs successfully halted the foreclosure after filing for bankruptcy.[5]

Plaintiffs initiated this action *pro se* in the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis) after the attempted foreclosure. Defendant U.S. Bank subsequently removed the action to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. In the complaint, plaintiffs assert claims of breach of contract and breach of the covenant of good faith and fair dealing. They also assert a quiet title claim.[6]

---

[3] Plaintiffs do, however, summarily state that "[p]laintiffs are performing and have performed all they are obligated to perform under Exhibit 1, except those things which the [d]efendants, and each of them, are preventing [p]laintiffs from performing, including specifically reinstatement of the subject mortgage." [Doc. #1-1 at 7].

[4] "A successor trustee is a substituted trustee with only such powers as the deed of trust instrument gives him, and he becomes such only upon the happening of a contingency therein named." *Sparks v. PNC Bank*, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013). Under the terms of the parties' deed of trust, U.S. Bank "at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded." [Doc. #15-2 at 14 ¶ 24].

[5] That case, *In re* Julian L. Witengier, No. 16-47386 (Bkrtcy. E.D. Mo. 2016) closed on November 15, 2016. [Doc. #15 at 2 n.1].

[6] The Court will not consider new claims asserted in plaintiffs' response to defendants' motions to dismiss. *See* [Doc. #24]. If the plaintiffs had intended to file an amended complaint, they could have done so, and the Court will not accept new allegations included by interlineation. *See* Fed. R. Civ. P. 15; *Bailey v. Bonne Tere Mental Health Manager*, No. 4:10-CV-1191 (JCH), 2010 WL 3938380, at *2 (E.D. Mo. Oct. 5, 2010).

Plaintiffs base their claims on a number of alleged defects in the both the security instruments and the attempted foreclosure process. First, with regard to the security instruments, plaintiffs allege that (1) they did not receive an executed copy of the modified loan agreement, (2) defendant SouthLaw was not properly designated as the successor trustee,[7] and (3) defendant U.S. Bank fraudulently assigned the note and concealed its "true" holder.[8] Second, plaintiffs argue that defendants did not provide adequate notice of the trustee's sale. Specifically, defendants allegedly directed notice to a "doe tenant," sent notice fewer than twenty days before the scheduled foreclosure sale, and did not record the notice in "official records." [Doc. #1-1 at 4]. *See* Mo. Rev. Stat. § 443.325. Furthermore, plaintiffs claim that upon inquiry, defendants did not provide a "single point of contact" and evaded plaintiffs' attempts to ascertain the reinstatement amount. *Id.* at 5–8.[9] Finally, plaintiffs summarily assert that U.S. Bank and SouthLaw perpetrated "a series of fraudulent transactions" by "modifying loan documents, manipulating property values and making loans that were in violation of a multiplicity of [s]tate laws." *Id.* at 9.[10]

In the instant motion, defendant SouthLaw argues that the plaintiffs' claims against it should be dismissed under Rule 12(b)(6). Specifically, defendant

---

[7] The aforementioned recorded document appointing defendant SouthLaw as the successor trustee dispels plaintiffs' contention about the improper designation, and the Court need not address the allegation further. [Doc. #15-1].

[8] Plaintiffs also claims that MERs "fraudulently created, executed and recorded" the deed of trust. [Doc. #1-1 at 9]. MERs, however, is not a party to this action.

[9] The complaint also briefly cites to the Real Estate Settlement Procedures Act (RESPA) as a source of law. 12 U.S.C. §§ 2601, *et seq.* But plaintiffs fail to state anything more specific about how that federal statute applies to their case. *See* [Doc. #1-1 at 9].

[10] Plaintiffs also include arguments pertaining to defendant U.S. Bank's consent decree in an unrelated matter. *Id.* at 7.

SouthLaw argues that (1) plaintiffs do not adequately show that defendant SouthLaw breached its duties under the deed of trust, (2) plaintiffs arguments ultimately amount to claims sounding in attempted wrongful foreclosure, and (3) defendant SouthLaw does not claim any interest in the property at issue, and therefore is not a proper party to an action to quiet title. [Doc. #15 at 3–8].[11]

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.[12] A district court may

---

[11] Defendant SouthLaw also argues that plaintiffs lack standing to sue because there is "no privity between the parties." [Doc. #15 at 1].

[12] The Court construes plaintiffs' *pro se* complaint liberally. *Topchian v. JPMorgan Chase*

4

consider public records on a motion to dismiss. *Stahl v. United States Dep't of Agric.*, 327 F.3d 697 (8th Cir. 2006).

### III. Discussion

#### **<u>Breach of Contract and Covenant of Good Faith and Fair Dealing</u>**

Missouri law provides that extrajudicial foreclosure is not a statutory right, but rather "'a contractual right established by the power of sale provision in the deed of trust.'" *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 346 (8th Cir. 1987) (quoting *Fed. Nat'l Mortg. Ass'n v. Howlett,* 521 S.W.2d 428, 432 (Mo. 1975) (en banc)). And under Missouri law, a breach of contract claim requires a showing of (1) "the existence of an enforceable contract between the parties," (2) "mutual obligations arising under the terms of the contract," (3) "defendant did not perform," and (4) "plaintiff was thereby damaged from the breach." *Rice v. W. End Motors, Co.*, 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).[13]

Relatedly, Missouri law implies a covenant of good faith and fair dealing in every contract. *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Trust Co., Inc.*, 464 S.W.3d 177, 185 (Mo. 2015).[14] To state a claim for breach of the covenant, a plaintiff must allege facts that defendant "acted, or exercised a

---

*Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Still, pro se pleadings must not be conclusory and must state sufficient facts, that when assumed true, support the claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[13] Notably, a trustee is a proper party to an action concerning a deed of trust. *Williams v. Kimes*, 25 S.W.3d 150, 158 (Mo. 2000) (en banc).

[14] "A party breaches the covenant of good faith and fair dealing if it exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the movant the expected benefit of the agreement." *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 877 (Mo. Ct. App. 2012). Examples of bad faith constituting breaches of the covenant include, "willfully rendering imperfect performance, abusing power in the specification of terms, or wrongfully interfering with or failing to cooperate with the other party's performance." *Reliance Bank v. Paramount Prop., LLC*, 425 S.W.3d 202, 207 (Mo. Ct. App. 2014).

5

judgment conferred by the terms of the Note, in such a manner as to evade the spirit of the transaction or to deny . . . the expected benefit of the Note." *Reliance Bank v. Paramont Props., LLC*, 425 S.W.3d 202 (Mo. Ct. App. 2014).[15] "This implied covenant, however, is not 'an overflowing cornucopia of wished-for legal duties; indeed, the covenant cannot give rise to obligations not otherwise contained in a contract's express terms." *Smith v. Select Portfolio Servicing Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *2 (W.D. Mo. Sept. 15, 2016) (quoting *Comprehensive Care Corp. v. RehabCare Corp.*, 98 F.3d 1063, 1066 (8th Cir. 1996)).

The deed of trust[16] involved in this case provides that the trustee, defendant SouthLaw, has several duties: (1) "Lender or Trustee shall mail copies of a notice of sale in the manner prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law," (2) "Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law," (3) "Trustee, without demand on Borrower, shall sell the Property at public auction

---

[15] Trustees of a deed of trust have duties to both parties (grantors and beneficiaries), in connection with a foreclosure and within the terms of the instrument under which the trustee is acting. *Sparks v. PNC Bank*, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013). Namely, "such duties include an equal duty of fairness and impartiality to both parties when accepting the direction by the mortgagee to sell the property." *Id.* "The duty of fairness and impartiality is breached only when the trustee, in disregard of a timely objection by one of the parties, proceeds to advertise and call the sale in an unusual manner prejudicial to that party and favorable to the other. . . When requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should *legally* prevent the foreclosure.'" *Id.* (quoting *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. 1974) (en banc)).

[16] Although plaintiffs contest the validity of the loan modification agreement, viewing the facts in the light most favorable to plaintiffs, the Court assumes they do not challenge the original deed of trust. And moreover, the loan modification agreement only purports to be a supplement or amendment to the original note and deed of trust. [Doc. #1-1 at 33]. There is no evidence that even if valid, the loan modification agreement intended to function as a novation. *See Barrows v. Firstar Bank*, 103 S.W.3d 386 (Mo. Ct. App. 2003).

6

to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines," (4) "Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty expressed or implied," and (5) "Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."[17] [Doc. #15-2 at 14].

Plaintiffs allege that defendant SouthLaw did not provide adequate notice of the sale as required by Mo. Rev. Stat. § 443.325.[18] Missouri courts have found that claims similar to the ones plaintiffs assert, where foreclosure did not *actually* occur, were moot. *See Jenkins v. Thayer*, 760 S.W.2d 932, 937 (Mo. Ct. App. 1988) (reasoning that "it is impossible for [plaintiff] to have suffered any prejudice as a result of inadequate notice or failure to give notice of the intended sale. Obviously, when no sale occurs, the timeliness and sufficiency of the notice of such sale is moot."); *see also Turner v. United States Small Bus. Admin.*, No. 4:00-CV-833 (CAS), 2001 WL 1346016, at *6 (E.D. Mo. Sept. 10, 2001). This Court agrees that such claims are moot. Accordingly, plaintiffs fail to state a claim for breach of contract or breach of the covenant of good faith and fair dealing against defendant SouthLaw.

---

[17] A district court may consider public records or other materials connected with the pleadings in its evaluation. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008).

[18] Plaintiffs argue that notice was insufficient because (1) the envelope did not state their names, and (2) they *received* notice fewer than 20 days prior to the planned foreclosure date. [Doc. #1-1 at 4].

7

**<u>Quiet Title Claim</u>**

A suit to quiet title "is an appropriate means to determine the respective estates, titles, and interests of multiple people claiming an interest in land." *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. Ct. App. 2010). "'A quiet title action is not designed to adjudicate the plaintiff's title as superior to the whole world, but only as compared to the other parties.'" *Lester v. Nationstar Mortg.,* LLC, 505 S.W.3d 843, 846 (Mo. Ct. App. 2016) (quoting *Fairdealing Apostolic Church, Inc. v. Casinger*, 353 S.W.3d 396, 400 (Mo. Ct. App. 2011) (internal quotation marks and citations omitted)).

Plaintiffs' quiet title action is based on Mo. Rev. Stat. § 527.150.1, which provides:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Missouri courts have held that "'[t]he statute is remedial in nature and is to be liberally construed.'" *Robson*, 317 S.W.3d at 712 (quoting *Jetz Serv. Co. v. K.C. Citadel Apartments, L.L.C.*, 59 S.W.3d 527, 529 (Mo. Ct. App. 2001).

In order to state a cause of action to quiet title under Missouri law, the plaintiff must show "(1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." *Kulovic v. BAC Home Loans Servicing,*

8

*L.P.*, 4:10-CV-2058 (CAS), 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011) (citing *Howard v. Radmanesh*, 586 S.W.2d 67, 67 (Mo. Ct. App. 1979)). "Plaintiff must also plead facts showing that he has a superior title to the property at issue than the defendants." *Simms v. Nationstar Mortg., L.L.C.*, 44 F. Supp. 3d 927, 935 (E.D. Mo. 2014).

Defendant SouthLaw has no stake in the litigation to quiet title. Plaintiffs do not allege any facts showing that defendant SouthLaw "claims any title, estate or interest in the real property." *Simms*, 44 F. Supp. 3d at 937. Additionally, "[t]here are no factual allegations that [defendant SouthLaw] has or had an ownership or lien interest in the foreclosed property or any independent right to sell or dispose of it, or that [defendant SouthLaw] has any connection with the property apart from its duties as successor trustee under the Deed of Trust, pursuant to the language therein." *Id.*; *see also Wyatt v. Liberty Mortg. Corp.*, No. 4:13-CV-317-DGK, 2013 WL 6730298, at *3–4 (W.D. Mo. Dec. 19, 2013). Accordingly plaintiffs have failed to state a claim against defendant SouthLaw in quiet title.

****

Based on the foregoing the Court finds that the claims against defendant SouthLaw should be dismissed for failure to state a claim under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant SouthLaw P.C. to dismiss [Doc. #14] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

9

Dated this 21st day of April, 2017.